Wright HOPKINS, Petitioner–Appellee,

v.

Bruce N. LYNN, Secretary of Safety and Corrections, et al., Respondents–Appellants.

No. 89–3316.

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1989.

Brian T. Treacy, Janet Ahern, Asst. Dist. Attys., Harry Conick, Dist. Atty., New Orleans, La., for respondents-appellants.

Ferdinand J. Kleppner, Metairie, La., for petitioner-appellee.

Before DAVIS and SMITH, Circuit Judges, and LITTLE, District Judge.[1]

W. EUGENE DAVIS, Circuit Judge:

The State of Louisiana appeals the district court's order granting Hopkins' petition for habeas corpus. We affirm.

I.

In 1973, Hopkins was arrested and charged with two counts of murder for shooting two teenagers with whom he had spent the day sniffing glue. In May 1977, he was found not guilty by reason of insanity and was thereafter confined at the Feliciana Forensic Facility (Feliciana) in Jackson, Louisiana.

In July 1982, the state trial judge began to authorize Feliciana to allow Hopkins passes to leave the facility for limited times and under supervision. Hopkins remained out of the facility on these passes from August, 1984 until May, 1987, when he was arrested in St. Charles Parish, Louisiana, for possession of LSD.

The possession charges were dropped when the court found the state could not establish probable cause to believe he was a knowing participant in the narcotics transaction. Following the dismissal of these charges, the Orleans Parish Criminal District Court, which tried Hopkins for the murders, issued a "hold" order. That court held a hearing to determine whether Hopkins should continue to have passes from Feliciana. The court determined that Hopkins was dangerous and ordered him returned to Feliciana.

In December 1987, Hopkins applied to the Orleans Parish Criminal District Court for discharge or release on probation. After a hearing, the court denied Hopkins' application. The Louisiana Court of Appeal and Supreme Court denied writs.

Hopkins filed a Writ of Habeas Corpus in United States District Court, which was denied. Upon Hopkins' motion to reconsider, the district court remanded the case to the Orleans Parish Criminal District Court for a determination of Hopkins' mental status.

Upon remand, the state trial court determined that Hopkins was not presently mentally ill, but was a danger to himself or others and, therefore, he should continue to be held in Feliciana.

Hopkins then returned to federal district court to prosecute his habeas claim. He supplemented his federal habeas application to contend that the Louisiana statutes authorizing his confinement were unconstitutional. The United States District Court granted Hopkins' habeas application and ordered his release based on a determination that continued confinement violated Hopkins' rights preserved by the equal protection clause. The district court stayed its release order pending the outcome of this appeal.

II.

Hopkins contends that the Louisiana statute, La.Code Cr.Proc.Ann. art. 657, permitting the state to confine insanity acquittees upon proof of either mental illness or dangerousness is facially unconstitutional.

However, it is not necessary for this court to reach the constitutionality of the statute[2] because the evidence is insufficient under the relevant Louisiana statute to support the state's commitment order.

The controlling issues presented in the case at hand are almost identical to those in *Francois v. Henderson,* 850 F.2d 231. In *Francois,* a panel of this court found no record evidence to support a finding that the insanity acquittee was either mentally ill or dangerous. The court held that it was unconstitutional for the state to detain Francois and granted his petition for habeas corpus.

In the present case, the state court found that Hopkins was not mentally ill yet refused to release him because it determined that he was "a danger to himself and/or others."[3] We conclude that this finding is "not fairly supported by the record." 28 U.S.C. § 2254(d)(8).

A person poses a danger to others if his "behavior or significant threats supports a reasonable expectation that there is a substantial risk that he will inflict physical harm upon another person in the near future." La.Rev.Stat.Ann. 28:2(3). A person presents a danger to himself if his "behavior, significant threats or inaction supports a reasonable expectation that there is a substantial risk that he will inflict physical or severe emotional harm upon his own person." La.Rev.Stat.Ann. 28:2(4).

The state trial court determined that Hopkins was dangerous because he could use drugs in the future and such drug use would result in dangerous behavior. Hopkins was taking drugs when he committed the murders for which he was acquitted by reason of insanity. The experts agreed that Hopkins' prior mental illness was drug-related and could recur if he used drugs again.

The only evidence indicating that Hopkins might again turn to drugs is the fact that Hopkins was arrested with a neighbor who possessed LSD. However, the court found no probable cause to detain Hopkins and the state dismissed the charges against him. Hopkins' association on one occasion with someone involved with drugs does not permit a factfinder to infer that Hopkins is likely to use drugs again. No evidence was produced that Hopkins knew that his neighbor possessed drugs or was otherwise involved in drugs.

The psychiatrist who periodically saw Hopkins while Hopkins was on pass testified at the dangerousness hearing that he was aware of no evidence that Hopkins had used drugs since 1974. The psychiatrist stated that Hopkins had none of the symptoms of a drug user. Furthermore, while confined in Feliciana and while on pass Hopkins underwent periodic drug tests which were consistently negative.

The above evidence does not support the inference that Hopkins is likely to return to

**2.** Although we need not reach the constitutionality of the Louisiana statute, we agree with the dicta in *Francois v. Henderson,* 850 F.2d 231 (5th Cir.1988). A panel of this court explained that only those insanity acquittees who are "presently mentally ill" may be confined. *Id.* at 235. "'Mental institutions exist for the benefit of those who can be helped by care and treatment or who require custodial attention. They are not substitutes for prisons.' Nor can they be permitted to become such." *Id.* at 236, citing, *Jackson v. Foti,* 670 F.2d 516, 533 (5th Cir.1982). This is consistent with *Jones v. United States,*

where the Court stated that an insanity acquittee's continued "confinement rests on his continuing illness *and* dangerousness." 463 U.S. 354, 369, 370, 103 S.Ct. 3043, 3052, 77 L.Ed.2d 694 (1983) (emphasis added).

**3.** Under the relevant Louisiana statute someone institutionalized after being acquitted by reason of insanity can be confined until he can "prove that he can be discharged, or can be released on probation, without danger to others or to himself." La.Code Cr.Proc.Ann. art. 657.

drugs. Because the experts agree Hopkins will only become dangerous if he becomes a drug user, the record does not fairly support the conclusion that there is a "substantial risk" that Hopkins will harm himself or someone else.

Thus the trial court's dangerousness finding is not fairly supported by the record. Therefore, the district court did not err in granting Hopkins' petition for habeas corpus and ordering his release.

AFFIRMED.