**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41129

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

ORVILLE RAY DUNCAN,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

January 4, 1999

Before WISDOM, DAVIS, and BARKSDALE, Circuit Judges.

WISDOM,  Circuit Judge:

Orville Duncan was found guilty of misdemeanor witness tampering by a jury.  The

magistrate judge  who presided over the trial granted a defense motion for judgment of acquittal.

The government appealed to the district court, where the decision was affirmed.  The government

now appeals.  We reverse and remand.

Background

Orville Ray Duncan was charged in a criminal information with one count of misdemeanor

witness tampering in violation of 18 U.S.C. § 1512 (c)(1). Duncan waived his right to have a

district judge preside over his trial. Instead, he and a co-defendant, Kelly Pope, were tried before

a jury, with a United States magistrate judge presiding over the trial. At the close of the

government's case, each defendant moved for a judgment of acquittal under Federal Rule of

Criminal Procedure 29(a). The magistrate judge denied Pope's motion, and reserved ruling on

Duncan's.

At the close of evidence, the magistrate judge instructed the jury. One instruction given

to the jury was as follows:

> In order to establish the offense charged in count one, there are two essential
> elements which the government must prove beyond a reasonable doubt:
> First: that the defendant intentionally and knowingly harassed James Leo Gentry;
> Second: that James Leo Gentry was intentionally and knowingly hindered,
> delayed, prevented, or dissuaded from attending or testifying in an official
> proceeding.[1]

The government did not object to this instruction. The jury returned a verdict of guilty

as charged as to both defendants. Duncan then renewed his motion for judgment of acquittal.

The magistrate judge granted the motion.

The government appealed to the district court, urging that the ruling of the magistrate

judge was erroneous. The district court affirmed the ruling, holding that the statute did not, in

fact, have the knowledge requirement the magistrate judge interpreted it to have; yet absent

such a requirement the statute would be unconstitutional. Feeling compelled to interpret the

statute in a manner consistent with the Constitution, the district court found that the knowledge

requirement was implicit in the statute, and affirmed the ruling of the magistrate judge as to the

---

[1] Record at 43.

sufficiency of the evidence.

The government now appeals, asserting two assignments of error. The government first contends that the district court erred in finding the statute unconstitutional unless read to include an element of knowledge that the victim was attempting to attend an official hearing. The government also contends, in the alternative, that even with a knowledge requirement read into the statute, the evidence was sufficient to support the jury's guilty verdict.

In addition, Duncan has filed before this Court a motion to dismiss the government's appeal for lack of jurisdiction.

Statement of facts

This case originates in bankruptcy. James Pope, the owner of a construction business and father of Duncan's co-defendant, had filed for bankruptcy in early 1996. James Leo Gentry had been James Pope's partner, and later became his creditor. As a creditor, Mr. Gentry received notice that bankruptcy proceedings involving his former partner were to take place on March 18, 1996, at the Holiday Inn of Plano, Texas.

James Pope did not want to see his former partner, Mr. Gentry, attend the bankruptcy proceedings, and initiated a scheme to prevent Gentry's attendance. James Pope arranged for his son, Kelly Pope, to be at the Holiday Inn on the morning the hearing was scheduled to take place, and to make certain that Gentry did not attend the hearing. Kelly Pope then recruited Orville Duncan to assist him in this illegal endeavor.

When Gentry arrived at the Holiday Inn, he was met by Duncan and Kelly Pope. The two men physically blocked Gentry's path and told him he had no business being there. Gentry stated that he was going to a hearing, and attempted to walk around the two men. Duncan then shoved

3

Gentry to the ground.

One witness to the altercation was Linda Payne, the United States Bankruptcy Trustee presiding over the hearing. Payne heard Gentry screaming for someone to call the police. Kelly Pope then approached Payne, and asked her not to call the police, stating that he was simply trying to prevent Gentry from disrupting his father's hearing. Payne then rescheduled the proceedings for the safety of all the participants.

## Jurisdiction

Duncan contends that this Court is not possessed of jurisdiction in this matter, asserting that 18 U.S.C. § 3731 does not provide for an appeal by the government to a circuit court after a district court, acting in an appellate capacity, has affirmed the ruling of a United States magistrate judge. Duncan filed a motion to dismiss for lack of jurisdiction which this Court had previously ordered carried with the case. This jurisdictional issue is one of first impression in this Court.

The literal language of the statute in question, 18 U.S.C. § 3731, does not provide for an appeal by the government of an order of the district court affirming the ruling of a magistrate judge.[2] Yet the United States Supreme Court has construed this statute broadly, stating that "Congress intended to remove all statutory barriers to government appeals whenever the Constitution would permit."[3] With that holding in mind, we address whether the Constitution permits an appeal in the case before us.

---

[2] 18 U.S.C. § 3731, in pertinent part, reads:
"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

[3] United States v. Wilson, 420 U.S. 332, 337 (1975).

4

The issue with regard to constitutional considerations is whether allowing such an appeal could place the defendant twice in jeopardy, violating his rights under the Fifth Amendment to the United States Constitution. "Where a Government appeal presents no threat of successive prosecutions, the Double Jeopardy Clause is not offended."[4] Here, the government contends that Duncan faces no threat of successive prosecutions, in that a reversal of the district court would result in the reinstatement of the original guilty verdict, and a successive prosecution would not be necessary. We agree.

Supreme Court jurisprudence in United States v. Wilson clearly allows the government to appeal a district court's ruling granting a postverdict motion for judgment of acquittal.[5] The only question is whether a successive appeal is permitted when the original ruling comes from a magistrate judge, and is affirmed by a district court. We see no reason to distinguish such a situation from Wilson. Because the statute has been read to permit any government appeal not prohibited by the Constitution, and the granting of such an appeal could not result in a successive prosecution, the appeal in the instant case is legally permitted. The motion to dismiss for lack of jurisdiction is denied.

Sufficiency of the Evidence

The United States contends that the district court erred in affirming the magistrate judge's ruling granting Duncan's motion for judgment of acquittal. The standard for reviewing a Rule 29(a) motion for judgment of acquittal is whether a reasonable jury could conclude that the evidence presented, viewed in the light most favorable to the government, established the

---

[4] United States v. Martin Linen Supply Co., 430 U.S. 564, 569-570 (1977).

[5] 420 U.S. 332 (1975).

5

defendant's guilt beyond a reasonable doubt.[6]   Further, "the decision of a trial court to grant a judgment of acquittal following a jury's guilty verdict is entitled to no deference."[7]

The issue with regard to sufficiency of the evidence depends upon  the element of knowledge.  The magistrate judge  instructed the jury that the government's burden included proving , beyond a reasonable doubt, that Duncan knew he was preventing Gentry from attending an official hearing.  The government did not object to this instruction at trial.  Further, the government does not seek "plain error" review of the instruction on appeal.[8]

Under the "law of the case" doctrine,  in that the government is not asserting plain error, we will not re-examine this previously litigated issue of law.  The magistrate judge's instruction that the government was required to prove the defendant's knowledge of the official hearing is therefore the  law of the case.[9]

Reviewing the record in the light most favorable to the jury's guilty verdict,  considering the magistrate judge's instructions regarding knowledge, we find that a reasonable jury could have convicted the defendant of the crime charged.  The testimony of James Gentry makes it clear that Kelly Pope and Orville Duncan were both blocking his path to the hotel where the bankruptcy hearing was about to begin.  Gentry told them that he was going to the  hearing.  Gentry tried to walk around the two men, but  Duncan shoved him, then, with Pope, attempted physically to

---

[6]  United States v. Pennington, 20 F.3d 593, 597 (5th Cir. 1994).

[7]  United States v. Baytank (Houston) Inc., 934 F.2d 599, 616 (5th Cir. 1991).

[8]  See Government's Reply Brief, page 5.

[9] United States v. Taylor, 933 F.2d 307, 309-310 (5th Cir. 1991).  See also United States v. Spletzer, 535 F.2d 950, 954 (5th Cir. 1976).

6

prevent Gentry from attending the hearing.[10]   A reasonable jury could have found the defendant guilty beyond a reasonable doubt --- and the jury here did find the defendant guilty.   The magistrate judge therefore  erred in granting the motion for judgment of acquittal, and the district judge erred in affirming that ruling.  We reverse the ruling of the district court and of  the magistrate judge, and reinstate the jury verdict of guilty as to Orville Duncan.

Constitutionality of the statute

The government has further suggested that this Court review the holding of the district judge that the misdemeanor statute is unconstitutional without a finding that knowledge of a hearing is an implicit element of the offense. While this Court has serious  reservations about the reasoning of the district judge's opinion, we decline to address the constitutional question urged by the Government.  Having found the evidence insufficient to support the ruling of the magistrate judge  and the district court on the motion for judgment of acquittal, we do not reach the constitutionality of the statute.[11]   As we  decline the government's invitation to review this issue, we also  do not hold, nor do we adopt the district court's holding, that a knowledge requirement must be read into the statute to preserve its constitutionality.

The ruling of the district judge as to the sufficiency of the evidence is REVERSED, the guilty verdict is reinstated, and the case is REMANDED for sentencing.

---

[10] Record, vol. 2, p. 89-90.

[11] Hopkins v. Lynn, 888 F.2d 35, 36-37 (5th Cir. 1989).